JACOB M. DICKINSON, JR., AND THE NATIONAL BANK OF THE REPUBLIC OF CHICAGO, EXECUTORS, ESTATE OF JACOB M. DICKINSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29208. Promulgated January 14, 1930.

---

[1] Report adopted and dissent filed during Mr. Green's term of office.

*James S. Y. Ivins, Esq.*, and *Fred E. Youngman, Esq.*, for the petitioners.

*John D. Foley, Esq.*, and *Lloyd Creason, Esq.*, for the respondent.

OPINION.

LANSDON: On July 7, 1919, the decedent sold a cotton plantation and the improvements thereon for $233,025, and conveyed the property by deed to the purchasers. Profit from the transaction was

reported on the installment plan. In December, 1923, the purchasers were in default and foreclosure proceedings were instituted. As required by the laws of Arkansas, certain disinterested appraisers determined the fair market value of the property on December 18, 1923, to be $125,000, and on that date the decedent purchased the plantation at trustee's sale for its appraised value, making payment therefor by canceling purchase money notes of the face value of $125,000. The decedent returned no profit from the reacquisition in 1923. Upon audit of the 1923 income-tax return the respondent included as income the amount of all payments received on the purchase price, less profit previously reported, on the theory that the decedent had recovered the identical property sold and had retained the payments previously made.

The sale in 1919, when title was passed to the purchasers, and the reacquisition in 1923 by purchase at the trustee's sale were separate and distinct transactions which may not be considered together in computing gain or loss. *Henry Heldt*, 16 B. T. A. 1035; *Home State Bank*, 15 B. T. A. 121; *A. W. Shaw*, 13 B. T. A. 716; *Edward S. Phillips*, 9 B. T. A. 1016; *I. M. Davis*, 2 B. T. A. 359; *Manomet Cranberry Co.*, 1 B. T. A. 706. None of those cases, however, involved sales where return of income was on the installment basis, which fact, the respondent argues, is the foundation for the different treatment of sale and repossession transactions found in Regulations 69, articles 44, 45, and 46.

The method adopted for reporting profit from the sale of real estate is only an incident of the sale and can not alter the nature of the transaction. If at the time of the sale title passed to the purchaser, the sale is complete. If the vendor reacquires the property after default by the purchaser and exchanges purchase money notes for the property, there is a repurchase which may give rise to gain or loss. *Henry Heldt, supra.* The treatment for income-tax purposes of such installment sale and repossession transactions must depend upon the question whether in fact there is one transaction or two. We think the respondent erred in including in decedent's income for 1923 the amount of all purchase money payments received and kept, less the profit previously reported.

The reacquisition, or repurchase of the plantation on December 18, 1923, was effected by an exchange of notes having a face value of $125,000 for the plantation which then had a fair market value of $125,000. The utilization of the purchase money notes in reacquiring the plantation constitutes a realization of profit, under the installment method of reporting income. The total contract price, when the plantation was sold, was $233,025; the profit was $16,637.67. The profit is 7.1398 per cent of the total contract price and under the in-

stallment method of returning income that part of each payment constitutes profit realized. It follows that 7.1398 per cent of $125,000, or $8,924.75, constitutes profit in 1923.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

MURDOCK, dissenting: In my opinion the determination of the Commissioner should have been approved for lack of evidence.

SMITH agrees with this dissent.